DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the Toledo Municipal Court, where appellant was found guilty of obstruction of official business. For the reasons that follow, we affirm.
 {¶ 2} On July 23, 2004, Officers Garcia and Babcock of the Toledo Police Department were on duty patrolling downtown Toledo. At 2:20 a.m. the officers stopped in front of a night club to disperse a crowd gathering on the sidewalk and on the street after the bar closed. After several attempts, most of the crowd had left. However, one individual, Sarah Smith, refused to leave, thus she was arrested and taken into custody. Officer Garcia testified at trial that appellant, Tiffany Esmond, a friend of Smith, attempted to pull Smith away from the officers three times. Officer Garcia arrested appellant and charged her with obstructing official business, pursuant to Toledo Municipal Code 525.07, and resisting arrest, pursuant to Toledo Municipal Code 525.09. On October 19, 2004, appellant stood trial. Appellant testified to the events that night and another friend also testified for appellant. As trier of fact, the trial judge found appellant guilty of obstructing official business. However, the trial judge found the prosecution had not met its burden of proof for the charge of resisting arrest and found appellant not guilty on that charge. On February 1, 2005, appellant was sentenced to 30 days incarceration, suspended on the condition of future good behavior, 40 hours of community service and court costs.
 {¶ 3} Appellant sets forth the following assignments of error:
 {¶ 4} 1. "That the lower court erred in its findings that the appellant committed an obstruction of official business offense."
 {¶ 5} 2. "That the appellant had ineffective assistance of counsel in regards to her not having a vigorous and adequate defense."
 {¶ 6} In the first assignment of error, appellant asserts that on the record there is insufficient evidence to prove every element of the offense of obstruction of official business. In a criminal context, a verdict or finding may be overturned on appeal if there is an insufficiency of evidence. The court must determine whether the evidence submitted is legally sufficient to support all of the elements of the offense charged. State v. Thompkins (1997), 78 Ohio St.3d 380, 386-387. Specifically, we must determine whether the state has presented evidence which, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The test is, viewing the evidence in a light most favorable to the prosecution, could any rational trier of fact have found the essential elements of the crime proven beyond a reasonable doubt. Id. at 390 (Cook, J., concurring); State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus. See, also, State v.Eley (1978), 56 Ohio St.2d 169; State v. Barns (1986), 25 Ohio St.3d 203.
 {¶ 7} R.C. 2921.31 and Toledo Municipal Code 525.07 sets forth the offense of obstruction of official business as follows:
 {¶ 8} "No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties."
 {¶ 9} The arresting police officer, as a witness for the prosecution, gave testimony of the facts that led to the arrest of appellant. The officer testified that he and his partner were at the scene to disperse a crowd that had gathered on the sidewalk and street outside a club in downtown Toledo. In addition, the officer testified that while his partner was arresting Sarah Smith, appellant tried to pull Smith away from his partner. He testified that she had done this three times before he arrested appellant.
 {¶ 10} The prosecution presented enough legally significant evidence in the light most favorable to the prosecution that any reasonably trier of fact could have found evidence, if believed, of every element proved beyond a reasonable doubt. The evidence presented is sufficient to prove that the officer acting in his official capacity was hampered or impeded by the actions of appellant, and appellant had the requisite intent to at least delay the performance of the officer. Therefore, appellant's first assignment of error is found not well-taken.
 {¶ 11} In the second assignment of error appellant asserts that appellant's trial counsel was ineffective. Appellant argues that counsel was ineffective because he spent undue amounts of time at trial examining the acts of Sarah Smith. Also, because trial counsel waived an opportunity to give and opening statement and failed to argue that the prosecution met its burden of proof, appellant contends his trial counsel was deficient. The United States Supreme Court sets forth a two-part test to determine deficiency of counsel. First, counsel's performance must be deficient. Second, the deficient performance prejudiced the defense.Strickland v. Washington (1984), 466 U.S. 668, 687.
 {¶ 12} First, counsel's performance is deficient if "errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." Id. The reasonableness of counsel's assistance must be considered in light of all the circumstances surrounding the trial. Appellant's trial counsel called appellant and a witness from the scene of the arrest to testify. Moreover, trial counsel cross-examined the prosecution's only witness and gave a closing statement addressing the failure of the prosecution to prove beyond a reasonable doubt that appellant obstructed official business.
 {¶ 13} Appellant contends on appeal that trial counsel asked too many questions regarding the arrest of Sarah Smith. Appellant was arrested and charged with obstructing official business because she was allegedly preventing and delaying the arrest of Smith. Therefore, questions regarding Smith's arrest and the circumstances surrounding that arrest are vital to the prosecution and defense of the case. It would not be feasible to defend appellant at trial without addressing Smith's own arrest.
 {¶ 14} In addition, appellant contends that waiver of an opening statement at trial failed to give the judge an adequate "map" of his defense plan or strategy. The court stated in Strickland that "a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689. In hindsight, another attorney may have preferred to give an outline of his argument. However, the purpose of this requirement is not to create a standard procedure for trying cases, but to ensure appellant received a fair trial. At the time of trial, both appellant's trial counsel and prosecution waived opening statements. Waiver of an opening statement is not unreasonable and, therefore, does not render appellant's trial counsel deficient.
 {¶ 15} Lastly, appellant contends that the elements of obstruction of official business were not addressed by appellant's trial counsel and thus failed to show that the prosecution did not prove all elements beyond a reasonable doubt. Relating to appellant's first assignment of error, appellant asserts that trial counsel failed to argue that the prosecution failed to present evidence that the efforts of appellant were successful in hindering, delaying, or impeding the officer. However, trial counsel in closing argument said, "I find it hard to believe that the officer would let my client approach a person in custody on three different occasions and grab her on three different occasions and only arrest her on the third time. That shows much more restraint than I think is logical or realistic." Through his closing argument appellant's trial counsel addressed the possible inaccuracy of the arresting officer's testimony and argued that appellant's actions must not have actually hampered or impeded the conduct of official business. Once again, another attorney may have used different words or a different trial strategy. However, appellant's trial counsel questioned the credibility of the prosecution's witness and argued the facts of the case, giving appellant a fair trial as guaranteed under the Sixth Amendment. Therefore, appellant fails to show that her former trial counsel was deficient.
 {¶ 16} Second, the deficient performance prejudiced the defendant if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." The court reasoned that a "reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. Since the representation by appellant's trial counsel was not deficient, the probability of a different result is immaterial. Therefore, appellant's second assignment of error is found not well taken.
 {¶ 17} The judgment of the Toledo Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Singer, P.J., concur.