DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Donald Flugga, appeals the judgment of the Toledo Municipal Court, which convicted him of obstructing official business, a violation of Toledo Municipal Code section 525.07 and a misdemeanor of the second degree. For the following reasons, the judgment is affirmed. *Page 2 
 {¶ 2} Appellant was originally charged with obstructing official business, assault, and resisting arrest. The charges stemmed from an incident at the Emporium nightclub, on the corner of Huron and Washington Streets in Toledo, Ohio. On the evening of July 23, 2005, Toledo Police Officers Welling and Sweat observed approximately 20 people engaged in a loose brawl in the parking lot outside the nightclub. They approached the parking lot and attempted to disperse the crowd. Welling first saw appellant "in the street" being interviewed by other officers; he did not observe appellant engaged in activity forming the basis of the charges.
 {¶ 3} Officer Sweat, partner to Officer Welling, also engaged in dispersing the crowd in the parking lot. When he was free, he saw appellant and another officer, Detective Dressel, "wrestling around a bit * * * like pushing each other." By the time he reached Dressel to help, Dressel already had appellant in handcuffs.
 {¶ 4} Detective Bragg and Detective Dressel were patrolling the area in plain clothes and an unmarked vehicle when they came upon the crowd outside of the nightclub. Bragg saw "a large group of people barreling out of the door" of the nightclub, and three or four individuals, some wearing black tee shirts labeled "Security", pulling "one little black female" toward the parking lot. Appellant was identified as one of the men, a security worker, or bouncer, at the nightclub. Bragg and Dressel took out their badges and approached the group, identifying themselves as officers. While trying to disperse the group, the "female" disappeared. One man, later identified as a manager at the Emporium, jumped onto Dressel's back, attempting to restrain him from breaking up *Page 3 
the group. When Bragg disengaged the man from Dressel, appellant shoved Dressel. Bragg thought he shoved Dressel at least twice after he and Dressel had identified themselves as officers.
 {¶ 5} Dressel testified that he and Bragg intervened because the "female" had been removed from the nightclub, yet four or five bouncers continued to move her toward the parking lot, "pretty much pulling her hair, pushing her down, grabbing at her, and she was trying to get away." Dressel also testified that appellant continued to shove him after other bouncers and other officers told appellant he was a police officer.
 {¶ 6} At the conclusion of the state's case, appellant moved for an acquittal on all charges. The trial court granted the motion with respect to the charge of disorderly conduct.
 {¶ 7} Appellant called Officer Kay, who was working that night with another officer as security in a REU parking lot next to the nightclub. He spoke to appellant when appellant "advised use there was a fight inside and they're bringing it out." He and his partner were subsequently engaged in dispersing a fight in the parking lot, and did not see appellant again until he saw that Dressel had appellant up against a car, hands on the hood, without handcuffs.
 {¶ 8} Appellant testified that his job was to take fights which occurred inside the club outside and notify the officers stationed outside. The manager asked appellant to ask "two females" to leave the club, but the women refused, and one hit appellant in the eye, knocking his lens out of his glasses. Appellant contradicted prior testimony that *Page 4 
others told him Dressel was a police officer. He admitted to shoving Dressel once and only before the nightclub manager jumped on Dressel's back and before he knew Dressel was an officer. He testified that Dressel's badge was not visible until after the nightclub manager was removed from Dressel's back, at which point he put his hands up and apologized.
 {¶ 9} After appellant's testimony, the matter was submitted for the consideration. The trial court found appellant not guilty of assault, but found sufficient evidence to convict him of obstructing official business. Appellant was sentenced to 90 days incarceration, with all 90 days suspended, and was ordered to pay $250 in fines and $79 in costs. Appellant requested and received a stay of execution of his sentence pending appeal.
 {¶ 10} Appellant presents two assignments of error for review:
 {¶ 11} "There was insufficient evidence to support defendant's conviction of obstructing official business and the trial court erred in denying defendant's Criminal Rule 29 motion for acquittal on this charge.
 {¶ 12} "Defendant's conviction of obstructing official business was contrary to the mainifest [sic] weight of the evidence."
 {¶ 13} Appellant first challenges the trial court's decision to deny his Crim.R. 29 motion as to the charge of obstructing official business. Crim.R. 29(A) provides that the trial court shall enter a judgment of acquittal "if the evidence is insufficient to sustain a conviction of such offense or offenses." Thus, "the test an appellate court must apply *Page 5 
when reviewing a challenge based on a denial of a motion for acquittal is the same as in reviewing a challenge based upon on the sufficiency of the evidence to support a conviction." State v. Thompson (1998), 127 Ohio App.3d 511, 525. "On review for sufficiency, courts are to assess not whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction."State v. Thompkins (1997), 78 Ohio St.3d 380, 390.
 {¶ 14} Toledo Municipal Code section 525.07 prohibits obstructing official business and provides: "(a) No person, without privilege to do so and with purpose to prevent, obstruct or delay the performance by a public official of any authorized act within his official capacity, shall do any act which hampers or impedes a public official in the performance of his lawful duties."
 {¶ 15} Sufficient evidence supports appellant's conviction. Appellant's status as a security guard for the nightclub did not grant him any privilege over and above Dressel in dealing with the young woman he removed from the nightclub. Dressel was engaged in dispersing what he believed to be an improper use of force by three to five security guards against one small-statured woman. Several officers testified that appellant was repeatedly told by officers and other security guards that Dressel was a police officer before pushing him. His actions hampered the ability of Dressel and the other officers to disperse and gain control of a large, tumultuous crowd. City of Toledo v. Esmond, 6th Dist. No. L-05-1074, 2005-Ohio-6246, ¶ 10. Appellant's assignment of error is not well-taken. *Page 6 
 {¶ 16} For the same reasons, appellant's conviction is also not against the manifest weight of the evidence. Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence. State v. Thompkins,78 Ohio St.3d at 387. A conviction is against the manifest weight of the evidence when a greater amount of credible evidence supports acquittal. Id. When determining whether a conviction is against the manifest weight of the evidence, the appeals court acts as a "thirteenth juror" to determine whether the fact-finder lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered. Id. at 390. This power should only be exercised in exceptional cases where the evidence "weighs heavily against conviction." Id.
 {¶ 17} Although appellant's testimony would, by itself, not sustain the conviction, the trier of fact could have reasonably found that a greater amount of credible evidence was presented by the state. Officer Kay did not see any events occurring between appellant and Dressel, while the testimony of at least one other officer sufficiently corroborates Dressel's testimony regarding the key facts supporting each element of the offense. Determinations of credibility and the weight given to testimony remain within the province of the trier of fact.State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. We cannot say that the trier of fact lost its way. Accordingly, appellant's second assignment of error is not well-taken. *Page 7 
 {¶ 18} For the foregoing reasons, appellant's conviction for obstructing official business is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., JUDGE, Arlene Singer, J., JUDGE, William J. Skow, J., JUDGE. *Page 1