JOURNAL ENTRY AND OPINION
{¶ 1} Ernest Harris ("Harris") appeals from his conviction received in the Cuyahoga County Court of Common Pleas. Harris argues that his trial counsel rendered ineffective assistance, the State of Ohio ("State") failed to prove the elements of the crimes charged beyond a reasonable doubt, the trial court erred in admitting evidence, and his conviction damaged his reputation. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} On August 26, 2004, Cleveland police officers with their Special Weapons And Tactics ("SWAT") officers, executed a search warrant for the premises of 12917 Marston Avenue in Cleveland, Ohio. Officers entered the premises and discovered a total of seventeen people, including Harris, inside the house. The officers discovered two people in the basement, one person in the second-floor hallway, three people, including Harris, in the master bedroom, and the remainder of the people on the first floor of the house.
 {¶ 3} After securing the individuals inside the house, the officers recovered a crack cocaine pipe in the living room. The officers also recovered crack cocaine pipes on three of the individuals they detained. Officers recovered a .38 caliber revolver in the basement and recovered one rock of crack cocaine, one crack cocaine pipe, five pills of codeine, and fifteen pills of trazadone from Harris' upstairs bedroom. The officers also recovered mail with Harris' name on it addressed to 12917 Marston Avenue. The officers placed Harris under arrest for violation of state drug law.
 {¶ 4} On September 14, 2004, a Cuyahoga County grand jury returned a six-count indictment, charging Harris with three counts of drug possession, one count of having a weapon while under disability, one count of permitting drug abuse, and one count of possession of criminal tools. Harris pleaded not guilty and elected to try his case to a jury. On February 23, 2006, the jury found Harris guilty of three counts of drug possession and one count of permitting drug abuse. The jury found Harris not guilty of the remaining two charges. On March 2, 2006, the trial court sentenced Harris to a total prison term of ten months.
 {¶ 5} Harris appeals his conviction, raising the five assignments of error contained in the appendix to this opinion.
 {¶ 6} In his first assignment of error, Harris argues that his trial counsel rendered ineffective assistance when he failed to make a strong opening statement. This assignment of error lacks merit.
 {¶ 7} In order to prevail on a claim of ineffective assistance of counsel, the defendant must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. Strickland v.Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052; State v.Bradley (1989), 42 Ohio St.3d 136. Counsel's performance may be found to be deficient if counsel "made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." Strickland, at 687. To establish prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Bradley, at 143.
 {¶ 8} In determining whether counsel's performance fell below an objective standard of reasonableness, "judicial scrutiny of counsel's performance must be highly deferential." Strickland, at 689. Because of the difficulties inherent in determining whether counsel rendered effective assistance in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
 {¶ 9} In this assigned error, Harris claims his trial counsel rendered ineffective assistance when he did not give an adequate opening statement. Specifically, Harris claims his counsel should have rebutted the State's arguments and illuminated the flaws in the State's case.
 {¶ 10} Regardless of the fact that Harris' trial counsel gave a brief opening statement, Harris cannot meet both elements of an ineffective assistance of counsel claim. Harris' allegations do not prove a deficient performance, nor do they establish prejudice. Moreover, the trial court instructed the jury in this case that opening and closing statements are not evidence in this case, and that the jury must not form an opinion about the case until the very end of trial.
 {¶ 11} As stated by this court in State v. Harris (2007), ___ Ohio App.3d ___,
 "[t]he decision not to make an opening statement falls within the realm of tactical decisions which ordinarily do not rise to the level of ineffective assistance of counsel. This is particularly true when, as here, the defendant chooses not to present any evidence. (Citations omitted.) "It should be noted that had Harris given a theory of the case to the jury in the opening statement and failed to present evidence on that theory, the state would have every right to comment on that failure. Hence, counsel may well have acted prudently in the way he presented the defense's opening statement." (Citations omitted).
 {¶ 12} Based on the above, we conclude that Harris' trial counsel did not render ineffective assistance. Harris' first assignment of error is overruled.
 {¶ 13} In his second assignment of error, Harris argues that "the State failed to prove counts one and two (drug possession) beyond a reasonable doubt." In his third assignment of error, Harris argues that "the State failed to prove the necessary elements of permitting drug abuse pursuant to R.C. 2925.13." Because these assignment of error involve the same standard of review, we will address them together.
 {¶ 14} The standard of review with regard to the sufficiency of the evidence is set forth in State v. Bridgeman (1978), 55 Ohio St.2d 261, as follows:
 "Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."
 {¶ 15} Bridgeman must be interpreted in light of the sufficiency test outlined in State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, in which the Ohio Supreme Court held:
 "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence submitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." (Citation omitted.)
 {¶ 16} In this portion of his appeal, Harris alleges error in his convictions for two counts of drug possession and his conviction for permitting drug abuse. Pursuant to R.C. 2925.11, drug possession is defined as follows:
 "No person shall knowingly obtain, possess, or use a controlled substance."
 {¶ 17} Additionally, R.C. 2901.22(B) defines knowingly as follows:
 "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
 {¶ 18} With regard to his convictions for drug possession, Harris claims that the State failed to prove the crack cocaine pipe and crack cocaine rock belonged to him. Specifically, Harris alleges that because there were sixteen other people in the house at the time of his arrest, the State cannot prove the contraband belonged to him. He therefore argues that the State failed to prove the essential elements of drug possession beyond a reasonable doubt. This argument is without merit.
 {¶ 19} Possession need not be actual; it may be constructive.State v. Butler (1989), 42 Ohio St.3d 174, 176. Constructive possession exists when a person knowingly exercises dominion or control over an item, even without physically possessing it. State v. Hankerson (1982),70 Ohio St.2d 87. While mere presence in the vicinity of the item is insufficient to justify possession, ready availability of the item and close proximity to it support a finding of constructive possession.State v. Haynes (1971), 25 Ohio St.2d 264, paragraph two of the syllabus.
 {¶ 20} In the present case, the police officers found the crack cocaine pipe and crack cocaine rock underneath the bed in the room where Harris was located. The State also presented evidence that Harris received mail at 12917 Marston Avenue and that the room where the officers discovered the drugs was the room belonging to Harris. Therefore, the drugs were obviously within Harris' control. Consequently, Harris constructively possessed the crack cocaine pipe and crack cocaine rock.
 {¶ 21} In response, Harris does not focus on the drugs found in his bedroom but, instead, focuses on the drugs and drug paraphernalia discovered around the house. However, Harris' two convictions for drug possession relate only to the drugs found in his room and within his control. Accordingly, we conclude that a reasonable trier of fact, viewing the evidence in the light most favorable to the prosecution, would conclude that the State proved all of the elements of drug possession beyond a reasonable doubt.
 {¶ 22} Harris' second assignment of error is overruled.
 {¶ 23} Harris also finds error with his conviction for permitting drug abuse, which pursuant to R.C. 2925.13 is defined as follows:
 "No person who is the owner, lessee, or occupant, or who has custody, control, or supervision, of premises or real estate * * * shall knowingly permit the premises or real estate * * * to be used for the commission of a felony drug abuse offense by another person."
 {¶ 24} In this assigned error, Harris claims that the State failed to prove he had actual knowledge or awareness of the drug use in his home on the date of his arrest. This argument is without merit.
 {¶ 25} In support of its case for permitting drug abuse, the State presented evidence that Harris lived at 12917 Marston Avenue and had his mail delivered to that address. The State also informed the jury that at the time of the execution of the search warrant, a total of seventeen people were inside the home. During the search of the premises, the police officers recovered numerous crack cocaine pipes and drugs both inside the house and on the persons of several of the people inside the home. Additionally, the officers recovered codeine pills, a crack cocaine pipe, and a rock of crack cocaine in Harris' bedroom. Most importantly, the officers removed three people, including Harris, from the master bedroom of the home. Therefore, it is unreasonable to conclude that Harris did not know that these sixteen other people inside his home were using drugs. Based on this evidence, we find that a rational trier of fact would find that the State proved all the elements of permitting drug abuse beyond a reasonable doubt.
 {¶ 26} Harris' third assignment of error is overruled.
 {¶ 27} In his fourth assignment of error, Harris argues the trial court erred in admitting evidence. Specifically, Harris argues that the trial court erroneously admitted evidence that one of the arresting officers, Detective Echols, was not present in court because he suffered an injury while trying to effect an arrest. Harris claims that this evidence is irrelevant, prejudicial, inflammatory, and misleading and, therefore, deprived him of his right to a fair trial. This assignment of error lacks merit.
 {¶ 28} The admission or exclusion of evidence rests within the sound discretion of the trial court and will not be overturned absent an abuse of that discretion. State v. Hamilton, Cuyahoga App. No. 86520,2006-Ohio-1949; State v. Washington, Cuyahoga App. No. 87688,2006-Ohio-6027. An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151.
 {¶ 29} In the present case, the trial court permitted the State to present evidence that Detective Echols was unavailable for trial because of an injury. This evidence is clearly relevant in light of the fact that numerous officers arrested the seventeen people inside Harris' house on August 26, 2004. See Evid.R. 401. The State should have been given the opportunity to explain the absence of one of the arresting officers. Accordingly, we find that the trial court did not abuse its discretion in admitting this evidence.
 {¶ 30} Moreover, even if we were to conclude the trial court erred when it allowed this testimony, which we have not, no prejudice resulted. The testimony that Detective Echols was unavailable for trial because of an injury has no relationship to the guilt or innocence of Harris. The statement does not relate to the substance of the case and, therefore, it could not have had an impact on the outcome of the case.
 {¶ 31} Accordingly, Harris' fourth assignment of error is overruled.
 {¶ 32} In his fifth and final assignment of error, Harris argues that "the erroneous conviction for permitting drug abuse on Ernest Harris' premises, has slandered and prejudiced his reputation." This assignment of error lacks merit.
 {¶ 33} Our analysis of Harris' third assignment of error renders this fifth assignment of error moot.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, P.J., and MELODY J. STEWART, J., CONCUR
 Appendix A Assignments of Error:
 "I. Ernest Harris was deprived of effective assistance of counsel, thereby being deprived of a fair trial.
 II. The State failed to prove counts one and two (drug possession) beyond a reasonable doubt.
 III. The State failed to prove the necessary elements of permitting drug abuse pursuant to R.C. 2925.13.
 IV. The trial court erred in admitting evidence which was irrelevant; which was prejudicial, inflammatory, and misleading; thereby depriving defendant of a fair trial.
 V. The erroneous conviction for permitting drug abuse on Ernest Harris' premises, slandered and prejudiced his reputation."