OPINION
{¶ 1} Juan D. Mullins appeals from the sentence imposed upon him as a result of his convictions for aggravated robbery with a firearm specification and aggravated burglary with a firearm specification. The trial court sentenced Mr. Mullins to 17 years of incarceration as a result of consecutive sentences of seven years as to each of the felonies to be served consecutively to a term of three years for the firearm specification.
 {¶ 2} Juan D. Mullins assigns three errors for our consideration: *Page 2 
 [I.] APPLYING THE REMEDY CREATED IN STATE V. FOSTER AT DEFENDANT'S RE-SENTENCING HEARING VIOLATED DEFENDANT'S CONSTITUTIONAL GUARANTEE TO DUE PROCESS AND CONSTITUTIONAL PROHIBITION ON EX POST FACTO LAWS.
 [II.] DEFENDANT'S SENTENCE OF SEVENTEEN YEARS WAS UNREASONABLE GIVEN THE FACTS OF THE OFFENDER AND OFFENSE.
 [III.] THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES BECAUSE THE OFFENSES OF CONVICTION AROSE FROM A SINGLE COURSE OF CONDUCT AND DID NOT DISPLAY SEPARATE ANIMUS.
 {¶ 3} While still 17 years old, Juan Mullins, armed with a sawed-off shotgun, broke into a home in Franklin County, Ohio, along with two other men. One of the young men grabbed a woman who lived in the house and forced her to lie face down in her living room. The young men stopped paying attention to the woman and she was able to flee to an upstairs bedroom where she acquired a shotgun. The young men pursued her but reversed their course when they saw she had a shotgun. As the young men fled, the woman fired, striking Juan Mullins in the buttocks. He dropped his shotgun.
 {¶ 4} Based upon the blood and tissue Juan Mullins left behind, police were able to identify Mr. Mullins as one of the burglars/robbers, the one with a firearm.
 {¶ 5} Juan Mullins entered guilty pleas to aggravated robbery with a firearm specification and aggravated burglary with a firearm specification. He was eventually sentenced to a term 21 years of incarceration. That sentence was reversed on appeal and following a remand to the trial court, Mr. Mullins received the sentence from which he now appeals. His second sentencing occurred on May 23, 2006, after the Supreme Court of Ohio decided State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. *Page 3 
 {¶ 6} In his first assignment of error, appellant argues that the Supreme Court of Ohio denied him due process of law in the remedy it chose to spare parts of Ohio's criminal sentencing structures when the Supreme Court of Ohio decided Foster, idem. Appellant also argues that the remedies put in place when Foster, idem was decided constitute a violation of the constitutional prohibition against ex post facto laws.
 {¶ 7} The latter argument has no merit for the simple reason that courts do not enact laws, ex post facto or otherwise. When a court's decision presents ex post facto issues, those issues are addressed in the context of due process of law concerns. Thus, our analysis must focus on appellant's first argument under the assignment of error — namely that the Supreme Court's remedies for the Sixth Amendment problems presented by Ohio's sentencing laws in place when Foster,idem., was decided has deprived Juan Mullins of Due Process of Law under the Fifth and Fourteenth Amendments to the United States Constitution.
 {¶ 8} The Supreme Court of the United States has been slow to find that decisions by judges, especially appellate judges, deprive an individual of due process of law. In Bouie v. City of Columbia (1964),378 U.S. 347, 84 S.Ct. 1697, the Supreme Court found a due process violation when the judicial interpretation of a criminal statute was "unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue." See Bouie, idem., at 354.
 {¶ 9} Later in Rogers v. Tennessee (2001), 532 U.S. 451,121 S.Ct. 1693, the Supreme Court of the United States followed the Bouie
decision, but clarified the point that the Bouie case turned upon the lack of fair warning to the citizenry that conduct which *Page 4 
has previously been considered innocent would now be seen as criminal conduct. The Supreme Court of South Carolina had redefined criminal trespass to include conduct formerly thought to be innocent in order to affirm the convictions of African American demonstrators who had sought services in a restaurant in Columbia, South Carolina.
 {¶ 10} The action of the Supreme Court of Ohio in decidingFoster, supra, and in fashioning a remedy for the constitutional problem presented by the Ohio legislature when the legislature revised Ohio criminal sentencing statutes cannot be fairly compared to the action of the Supreme Court of South Carolina in the Bouie case. The Supreme Court of Ohio applied R.C. 1.50, which far pre-dated the criminal sentencing revisions. R.C. 1.50 reads:
 If any provision of a section of the Revised Code or the application thereof to any person or circumstance is held invalid, the invalidity does not affect other provisions or applications of the section or related sections which can be given effect without the invalid provision or application, and to this end the provisions are severable.
 {¶ 11} Given the existence of R.C. 1.50 and the numerous occasion in which R.C. 1.50 has been applied to both civil and criminal cases over the years, the Supreme Court of Ohio's remedy for the Sixth Amendment problems presented by Ohio's sentencing laws could not be considered either "unexpected" or "indefensible." Therefore, the remedy fashioned by Foster cannot be considered a violation of due process of law, given the binding federal case law.
 {¶ 12} The first assignment of error is overruled. *Page 5 
 {¶ 13} In the second assignment of error, appellant asserts that the sentence he received was unreasonable, given the facts of his case and given his own personal history.
 {¶ 14} Juan D. Mullins was 17 years old when he, accompanied by two other young men, entered the residence he was about to burglarize. As a juvenile, he had no adult record. Juan was armed with a sawed-off shotgun. The aggravated burglary occurred at approximately 4:00 a.m.
 {¶ 15} A young woman who lived in the residence was up warming a bottle for her two week old infant when the three men entered the residence. The woman was forced to lie face down in her living room when the young men began the process of burglarizing the home. When the young men left the woman unattended she was able to flee to an upstairs bedroom with her infant.
 {¶ 16} The woman got a shotgun and confronted the young men, who had followed her upstairs. The young men, upon seeing the shotgun, decided to flee. Perhaps that decision was based at least in part on the fact that the sawed-off shotgun they had was described as being in "dangerous" operating condition.
 {¶ 17} The young woman shot at the fleeing men, hitting Juan Mullins in the buttocks. Juan at sometime dropped his shotgun in the residence as he fled.
 {¶ 18} Given these facts, we cannot find that the sentence given was unreasonable. Breaking into an occupied residence at 4:00 a.m. while armed with a sawed-off shotgun is the kind of conduct which can get someone killed, either the burglar or the occupants of the residence. *Page 6 
 {¶ 19} The record before us does not enlighten us as to Juan Mullins' juvenile record. Testimony at an earlier sentencing hearing indicated that Juan got involved with street gangs and drugs before his arrest. Although Juan and his mother told the trial court that Juan was a changed person, the trial court did not have to believe what it was told.
 {¶ 20} Given the record before us, we cannot say the 17-year sentence Juan received was unreasonable.
 {¶ 21} The second assignment of error is overruled.
 {¶ 22} In the third assignment of error, appellant asserts that the consecutive sentences he received for aggravated robbery and aggravated burglary was an error because the offense arose from a single course of conduct and because the offenses did not display a separate animus for each offense. Appellant's argument seems to be that R.C. 2941.25 bars consecutive sentences at least, and perhaps bars his being convicted of both aggravated robbery and aggravated burglary under the facts of this case.
 {¶ 23} R.C. 2941.25 reads:
 (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them. *Page 7 
 {¶ 24} In evaluating this assignment of error, we are bound byState v. Rance (1999), 85 Ohio St.3d 632. The Rance case requires that we evaluate the offenses to determine if the commission of one of the offenses will automatically result in the commission of the other offense.
 {¶ 25} Aggravated robbery is defined by R.C. 2911.01. The applicable portion of the statute is R.C. 2911.01(A), which reads:
 (A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:
 (1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it;
 (2) Have a dangerous ordnance on or about the offender's person or under the offender's control;
 (3) Inflict, or attempt to inflict, serious physical harm on another.
 (B) No person, without privilege to do so, shall knowingly remove or attempt to remove a deadly weapon from the person of a law enforcement officer, or shall knowingly deprive or attempt to deprive a law enforcement officer of a deadly weapon, when both of the following apply:
 (1) The law enforcement officer, at the time of the removal, attempted removal, deprivation, or attempted deprivation, is acting within the course and scope of the officer's duties;
 (2) The offender knows or ha reasonable cause to know that the law enforcement officer is a law enforcement officer.
 (C) Whoever violates this section is guilty of aggravated robbery, a felony of the first degree,
 (D) As used in this section: *Page 8 
 (1) "Deadly weapon" and "dangerous ordnance" have the same meanings as in section 2923.11 of the Revised Code.
 (2) "Law enforcement officer" has the same meaning as in section 2901.01 of the Revised Code and also includes employees of the department of rehabilitation and correction who are authorized to carry weapons within the course and scope of their duties.
 {¶ 28} Aggravated burglary is defined in R.C. 2911.11 as follows:
 (A) No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if any of the following apply:
 (1) The offender inflicts, or attempts or threatens to inflict physical harm on another;
 (2) The offender has a deadly weapon or dangerous ordnance on or about the offender's person or under the offender's control.
 (B) Whoever violates this section is guilty of aggravated burglary, a felony of the first degree.
 (C) As used in this section:
 (1) "Occupied structure" has the same meaning as in section 2909.01 of the Revised Code.
 (2) "Deadly weapon" and "dangerous ordnance" have the same meanings as in section 2923.11 of the Revised Code.
 {¶ 29} Aggravated robbery, in the context of the facts of this case, is the attempting to commit a theft offense while armed with a deadly weapon. Aggravated burglary, again in the context of the facts of this case, is the trespassing in an occupied *Page 9 
structure while someone else is present, with the purpose to commit a criminal offense and while the offender is armed with a deadly weapon. Neither statute is a lesser included offense of the other. A comparison of the statutorily deferred elements in the abstract reveals that the elements of the two offenses differ in significant ways. Because of the differences, Rance, idem., bars the offenses from being allied offenses of similar import for purposes of R.C. 2941.25.
 {¶ 30} The third assignment of error is overruled.
 {¶ 31} All three assignments of error having been overruled, the judgment and sentence of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
 PETREE and BROWN, JJ., concur. *Page 1