OPINION *Page 2 
{¶ 1} Defendant-appellant Richard Clark filed an Application for Reopening on July 10, 2006. On October 17, 2006, this court issued a journal entry allowing Clark to reopen his appeal. However, the reopening was limited to issues regarding the Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. Thus, the issue raised in this appeal is whether the sentence was made in compliance with the dictates in Foster. For the reasons explained below, the sentence is vacated and the case is remanded for resentencing pursuant to Foster.
 STATEMENT OF FACTS AND CASE {¶ 2} Clark was convicted of gross sexual imposition of a minor in violation of R.C. 2907.05(A)(4), a third degree felony, and rape in violation of R.C. 2907.02(A)(1)(b)(B), a first degree felony. Clark received a five year sentence for the gross sexual imposition conviction and a life sentence for the rape conviction. These are maximum sentences. The trial court also ordered the sentences to be served consecutively.
 {¶ 3} In ordering these sentences, the trial court made maximum and consecutive sentence findings. Such findings have been rendered unconstitutional by the Ohio Supreme Court's opinion in Foster, which was released on February 27, 2006.
 {¶ 4} We affirmed Clark's conviction on March 8, 2006. In that original direct appeal, no sentencing issues were raised. After our opinion was released, Clark filed a motion to reopen. We allowed the reopening, as to Foster sentencing issues, primarily due to the timing of our opinion and that of the Ohio Supreme Court's Foster opinion.
 {¶ 5} Clark raises two assignments in this appeal.
 FIRST ASSIGNMENT OF ERROR {¶ 6} "THE TRIAL COURT ERRED IN IMPOSING MAXIMUM AND CONSECUTIVE TERMS OF IMPRISONMENT, IN VIOLATION OF THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION. (JUDGMENT ENTRY OF SENTENCE, JUNE 24, 2004)." *Page 3 
 {¶ 7} The assignments of error are addressed together due to the fact that they both raise Foster issues.
 {¶ 8} As explained above, Clark was sentenced to maximum consecutive sentences. In issuing those sentences, the trial court made both maximum and consecutive sentence findings as was required by R.C. 2929.14(C) and R.C. 2929.14(E)(4).
 {¶ 9} In Foster, the Ohio Supreme Court held that the provision of the Revised Code relating to nonminimum (R.C 2929.14(B)), maximum (R.C.2929.14(C)), and consecutive (R.C. 2929.14(E)(4)) sentences are unconstitutional because they require judicial findings of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, at paragraphs one and three of the syllabus. The Court then went on to hold that those unconstitutional provisions could be severed. Id. at paragraphs two and four of the syllabus. Since the provision could be severed, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus.
 {¶ 10} The implication of Foster is that a trial court is no longer required to give reasons or findings prior to imposing maximum, consecutive, and/or nonminimum sentences; it has full discretion to impose a sentence within the statutory range. Id. at ¶ 100. However, if a trial court does state findings and reasons for imposing maximum, consecutive and/or nonminimum sentences, the sentence must be vacated and the cause remanded to the trial court for a new sentencing hearing in order for the sentencing to comport with Foster. Id. at ¶ 104.
 {¶ 11} The Ohio Supreme Court explained:
 {¶ 12} "These cases and those pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent with this opinion. We do not order resentencing lightly. Although new sentencing hearings will impose significant time and resource demands on the trial courts within the counties, causing disruption while cases are pending on appeal, we must follow the dictates of the United States *Page 4 
Supreme Court. Ohio's felony sentencing code must protectSixth Amendment principles as they have been articulated.
 {¶ 13} "Under R.C. 2929.19 as it stands without (B)(2), the defendants are entitled to a new sentencing hearing although the parties may stipulate to the sentencing court acting on the record before it. Courts shall consider those portions of the sentencing code that are unaffected by today's decision and impose any sentence within the appropriate felony range. If an offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively. While the defendants may argue for reductions in their sentences, nothing prevents the state from seeking greater penalties.United States v. DiFrancesco (1980), 449 U.S. 117." Id. at ¶ 104-105.
 {¶ 14} The Supreme Court makes it clear that the sentences imposed in pending cases and those on direct appeal which used R.C. 2929.14(C) and (E)(4) for sentencing are void and must be remanded to the trial courts. Id. See, also, State v. Pitts, 3d Dist. No. 1-06-02, 2006-Ohio-2796. Accordingly, we are required to vacate the sentence and remand the cause to the trial court for additional proceedings. This assignment of error has merit.
 SECOND ASSIGNMENT OF ERROR {¶ 15} "BY FAILING TO CHALLENGE RICHARD CLARK'S MAXIMUM AND CONSECUTIVE SENTENCE ON DIRECT APPEAL, ORIGINAL APPELLATE COUNSEL PROVIDED MR. CLARK WITH INEFFECTIVE ASSISTANCE, IN VIOLATION OF THEFOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION. APP.R. 26(B)(7)."
 {¶ 16} Under this assignment, Clark argues that original appellate counsel was ineffective for failing to raise the Foster issue in the first appeal. In our journal entry reopening this case, we stated that Clark raised a colorable claim for ineffective assistance of appellate counsel because counsel did not file a supplemental brief raisingFoster. As explained above, the sentence in this case must be vacated and the cause remanded for resentencing. Our vacation and remand of this case for resentencing under Foster cures the ineffective assistance of counsel claim. Thus, this assignment of error has no merit. *Page 5 
 {¶ 17} In conclusion, appellant's sentence is vacated and this case is remanded to the trial court for resentencing in accordance withFoster. Any ineffective assistance of appellate counsel claims for failing to raise Foster in the appellate brief are cured by our vacation and remand for resentencing.
 DeGenaro, P.J., concurs. Waite, J., concurs. *Page 1