OPINION
{¶ 1} Appellant Wayne Hanning appeals following his multiple-count no contest pleas in the Licking County Court of Common Pleas. The appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.
 {¶ 2} On February 17, 2005, appellant was indicted on ten counts of sexual battery (R.C. 2907.03(A)(5)) and three counts of gross sexual imposition (R.C. 2907.05(A)(4)). All thirteen counts were felonies of the third degree.
 {¶ 3} On May 4, 2005, appellant appeared before the trial court, with counsel, and pled no contest to the aforesaid thirteen counts. The record indicates that appellant executed a change of plea form in which he acknowledged that his plea was entered into voluntarily. The trial court accepted his pleas and found him guilty on all charges. The court sentenced appellant on the same date to one year on each count. The sentences were ordered to be served consecutively, for a total of thirteen years.
 {¶ 4} Appellant thereupon filed a direct appeal from these convictions and sentences. He herein raises the following two Assignments of Error:
 {¶ 5} "I. THE TRIAL COURT ERRED IN CARRYING OUT AN INSUFFICIENT PLEA COLLOQUY, THUS THE RECORD DOES NOT ESTABLISH THAT MR. HANNING WAS AWARE OF THE FULL RANGE OF PENALTIES HE FACED BY PLEADING GUILTY.
 {¶ 6} "II. THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE TERMS OF IMPRISONMENT WITHOUT INFORMING MR. HANNING THAT HE HAD THE RIGHT, PURSUANT TO BLAKELY V. WASHINGTON, TO HAVE THE JURY CONSIDER THE PROPRIETY OF MULTIPLE TERMS OF IMPRISONMENT.
 I. {¶ 7} In his First Assignment of Error, appellant contends the trial court did not sufficiently make him aware of the potential penalties for the allegations against him. We disagree.
 {¶ 8} Crim.R. 11(C)(2)(a) reads as follows:
 {¶ 9} "In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 10} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing."
 {¶ 11} In accepting a guilty plea, a trial court must substantially comply with Crim.R. 11. State v. Nero (1990),56 Ohio St.3d 106, 108, 564 N.E.2d 474. Substantial compliance with Crim.R. 11(C) is determined upon a review of the totality of the circumstances. State v. Carter (1979), 60 Ohio St.2d 34, 38.
 {¶ 12} In the case sub judice, the transcript portion of the court's Crim.R. 11 colloquy with appellant runs approximately ten pages. The judge asked appellant if he had discussed the charges with his attorney, and if he understood them. Tr. at 5. He also inquired as to whether appellant had read the plea forms and whether he understood them. Id. He asked appellant if he understood the rights he was giving up by entering his pleas, such as his right to a jury trial and his right to cross-examine his accusers. Tr. at 6-7. All such questions were answered by appellant in the affirmative. The judge then directed the prosecutor to recite the background of the case, during which time the prosecutor stated that each felony count would be punishable by "a maximum sentence of up to five years incarceration * * *." Tr. at 8. The judge then continued with more questions to appellant, including whether he was satisfied with his attorney, and if he understood his rights and "what the penalties are." Tr. at 10. Appellant again answered in the affirmative. The judge then continued with more questions as to appellant's health and medications, whether any threats or promises were made to him, and the issue of registration as a sexually-oriented offender. Tr. at 11-13. The judge concluded that appellant was making his pleas "freely, voluntarily, and understandingly." Tr. at 13. As noted in our recitation of facts, the court ultimately sentenced appellant to a total of thirteen years in prison. Tr. at 21-22.
 {¶ 13} Appellant specifically contends that "[i]t is likely that an individual with limited education and no prior exposure to the criminal justice system would be unaware that `5 years each count,' the language on the plea form, could mean a total of 65 years." Appellant's Brief at 2. However, we note appellant stated at the plea hearing that he was a high school graduate and did not have difficulty reading or writing. Tr. at 4. Furthermore, Ohio courts have interpreted the phrase "the maximum penalty" under Crim.R. 11(C) as that for the single crime for which the plea is offered. See State v. Scott, Cuyahoga App. Nos. 84381, 84382, 84383, 84384, 84389, 2005-Ohio-3690, f.n. 9, citing State v. Johnson (1988), 40 Ohio St.3d 130, 133,532 N.E.2d 1295. Appellant provides no authority to support the proposition that a trial court must advise a multi-count defendant of the aggregate sentence he or she could face, as opposed to the maximum for each count, in order to comport with Crim.R. 11(C)(2)(a). In the case sub judice, in addition to the plea form, appellant was present at the plea hearing when the prosecutor recited the facts of the case and the maximum penalties for the offenses. Cf. State v. Jordan (March 2, 1999), Franklin App. No. 97APA11-1517.
 {¶ 14} Therefore, upon review of the record and the totality of the circumstances surrounding the plea in this case (State v.Carter, supra), we hold the trial court did not err in finding appellant entered a voluntary, knowing, and intelligent plea. Accordingly, appellant's First Assignment of Error is overruled.
 II. {¶ 15} In his Second Assignment of Error, appellant argues, citing Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403, that the trial court erred in ordering him to serve consecutive sentences and in failing to inform him during the plea hearing that he had a right to have a jury consider whether consecutive sentences were appropriate. We disagree.
 {¶ 16} In Blakely, supra, the United States Supreme Court held that if a defendant's sentence is increased beyond the maximum range allowed for the offense, the facts to support that increase must either be heard by a jury under a beyond a reasonable doubt standard, or admitted by the defendant. However, pursuant to our decision in State v. Small, Delaware App. No. 04CAA04032, 2005-Ohio-169, we are unpersuaded that Blakely is applicable to the imposition of consecutive sentences where the individual sentences are each within the maximum range for the offense. Hence, both of appellant's above arguments must fail.
 {¶ 17} Appellant's Second Assignment of Error is therefore overruled.
 {¶ 18} For the foregoing reasons, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby affirmed.
Wise, P.J. and Hoffman, J., concur. Edwards, J., concurs. separately.