OPINION
{¶ 1} Appellant Harry Ruby appeals his felony sentencing entry, following his multiple count rape conviction, in the Coshocton County Court of Common Pleas. The appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.
 {¶ 2} On March 31, 2006, appellant entered a plea of guilty to three counts of rape, R.C. 2907.02(A)(1)(b), each a felony of the first degree, and each involving the same eight-year-old female victim. The State thereupon dismissed the remaining charges in appellant's indictment of January 3, 2006.
 {¶ 3} The trial court conducted a sentencing hearing on April 4, 2006. Appellant was thereupon sentenced to three consecutive life sentences, and was determined to be a sexually oriented offender.
 {¶ 4} On May 1, 2006, appellant filed a notice of appeal. He herein raises the following sole Assignment of Error:
 {¶ 5} "I. THE DECISION TO IMPOSE CONSECUTIVE SENTENCES WAS AN ABUSE OF DISCRETION."
 {¶ 6} In his sole Assignment of Error, appellant contends the trial court abused its discretion in ordering consecutive sentences. We disagree.
 {¶ 7} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Ohio Supreme Court found certain provisions of Ohio's sentencing statute unconstitutional, in light of Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, because said provisions required judicial factfinding to exceed the sentence allowed simply as a result of a conviction or plea. The Court therein concluded " * * * that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100.
 {¶ 8} Appellant in the case sub judice was sentenced in the post-Foster era. In State v. Firouzmandi, Licking App. No. 2006-CA-41,2006-Ohio-5823, we recognized that the Foster Court's removal of R.C. 2953.08(G)(2) from the statutory sentencing scheme eliminated the clear and convincing standard and left a void concerning the applicable standard of review in sentencing matters. Id. at ¶ 37, citing State v.Windham, Wayne App. No. 05CA0033, 2006-Ohio-1544 at ¶ 11. We concluded that post-Foster, an appellate court reviews the imposition of consecutive sentences under an abuse of discretion standard. Id. at ¶ 40. An abuse of discretion implies the court's attitude is "unreasonable, arbitrary or unconscionable." See State v. Adams (1980)62 Ohio St.2d, 151, 157. Additionally, post-Foster, trial courts are still required to "consider" the general guidance factors contained in R.C. 2929.11 and R.C. 2929.12 in their sentencing decisions. SeeState v. Diaz, Lorain App. No. 05CA008795, 2006-Ohio-3282, ¶ 8.
 {¶ 9} In the case sub judice, the trial court concluded inter alia that in consideration of R.C. 2929.11 through 2929.14, as well as 2907.02 (which appellant concedes requires a life sentence in this case), appellant's life sentences were to be consecutive on the grounds that they were necessary to protect the public. Appellant asserts that the rape offenses involved a "relatively short" period of time of approximately two months, that there was no cunnilingus or penile penetration, that he "promptly confessed," and that he had no prior felony record. Appellant's Brief at 1-2.
 {¶ 10} However, upon review of the sentencing hearing and the subsequent judgment entry in this matter, we are unpersuaded the trial court acted unreasonably, arbitrarily, or unconscionably, or that the court otherwise abused its discretion in ordering appellant's life sentences to be served consecutively.
 {¶ 11} Appellant's sole Assignment of Error is overruled.
 {¶ 12} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Coshocton County, Ohio, is hereby affirmed.
By: Wise, P. J.
Farmer, J., and Boggins, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Coshocton County, Ohio, is affirmed.
Costs to appellant.