JOURNAL ENTRY AND OPINION
{¶ 1} A jury found appellant Ernest Harris guilty of possession of drugs in violation of R.C. 2925.11 and drug trafficking in violation of R.C. 2925.03. The charges arose from a "buy-bust" operation in which a police informant purchased cocaine from Harris. In this appeal, he raises issues relating to the weight and sufficiency of the evidence and trial counsel's effectiveness. We affirm.
 I {¶ 2} Harris' first assignment of error complains that: 1) his attorney's opening statement amounted to ineffective assistance of counsel because it failed to counter the force of the state's opening; and 2) that his attorney's failure to state particular grounds in support of his Crim.R. 29 motion rendered counsel ineffective. During opening statement, the state gave the jury a detailed statement of what it expected the evidence would show. For his opening statement, Harris' attorney asked the jurors to "sit with an open mind" and apply common sense to the evidence. Counsel did not offer a defense theory of the case.
 {¶ 3} A defendant can establish ineffective assistance of counsel by showing that 1) the performance of defense counsel was seriously flawed and deficient; and 2) the result of the appellant's trial or legal proceeding would have been different had defense counsel provided proper representation. Strickland v. Washington (1984), 466 U.S. 668.
 {¶ 4} The decision not to make an opening statement falls within the realm of tactical decisions which ordinarily do not rise to the level of ineffective assistance of counsel. State v. Williams (1991),74 Ohio App.3d 686, 700. This is particularly true when, as here, the defendant chooses not to present any evidence. State v. Horsley, Franklin App. No. 05AP-1152, 2006-Ohio-6217.
 {¶ 5} It should be noted that had Harris given a theory of the case to the jury in the opening statement and failed to present evidence on that theory, the state would have every right to comment on that failure.State v. Collins, 89 Ohio St.3d 524, 527, 2000-Ohio-231, citing,State v. D'Ambrosio, 67 Ohio St.3d 185, 193, 1993-Ohio-170. Hence, counsel may well have acted prudently in the way he presented the defense's opening statement.
 {¶ 6} We also find that counsel did not act deficiently by failing to state particular grounds when making a Crim.R. 29 motion for judgment of acquittal to the court. Although Harris points to certain inconsistencies relating to the amount of buy money given to the informant and the police failure to account for that money on Harris' person after the arrest, those inconsistencies relate to the weight, not the sufficiency of the evidence. A Crim.R. 29 motion for judgment of acquittal tests the legal sufficiency of the evidence. State v.Hawn (2000), 138 Ohio App.3d 449, 471; State v. Harcourt (1988),46 Ohio App.3d 52, 56. Questions involving the credibility of witnesses are beyond the scope of a Crim.R. 29 motion and left for the trier of fact.
 II {¶ 7} In his second assignment of error, Harris argues that the jury's verdict is against the manifest weight of the evidence. We disregard this argument because Harris fails to identify in the record the error on which the assignment is based as required by App.R. 12(A)(2). He offers nothing more than a comprehensive statement of the law relating to our review of arguments on the manifest weight of the evidence, but fails to state in any manner exactly what evidence he relies on that makes the law applicable to his case.
 {¶ 8} Harris' argument is also insufficient under App.R. 16(A)(7), which requires the appellant to set forth "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." It is not the function of a reviewing court to construct a foundation for an appellant's claims. See Kremer v. Cox
(1996), 114 Ohio App.3d 41, 60.
 III {¶ 9} In his third assignment of error, Harris argues that the state failed to produce sufficient evidence to show that he sold or possessed the drugs recovered from the informant. The standard of review for the sufficiency of evidence does not compel our agreement with this argument.
 A {¶ 10} When reviewing a claim that there is insufficient evidence to support a conviction, we view the evidence in a light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1981), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 11} Viewing the evidence in a light most favorable to the state shows that in response to complaints about drug activity on Cleveland's west side, the police set up a "buy-bust" operation. This involved an informant circulating in the area in the hope that a drug dealer would approach the informant and make an offer to sell a controlled substance. If a transaction occurred, "take-down" units would move in to arrest the dealer.
 {¶ 12} A police detective testified that he searched the informant to ensure that the informant carried no money or drugs. He then gave the informant "buy money" which consisted of marked currency. The detective watched the informant walk around and then engage a female in conversation. The two then walked to the driveway of a nearby house where they were met by Harris. After a brief conversation with the informant, Harris walked up the driveway to a vehicle. He retrieved something from the front bumper of the vehicle, returned to the informant and exchanged that item with him. The informant left and reported back to the detective. The detective recovered crack cocaine from the informant. The detective then called for the take-down units to move in and arrest Harris. Throughout this transaction, the detective was between 50 and 75 feet away from Harris and the informant and did not lose sight of the informant during the transaction.
 B {¶ 13} R.C. 2925.11(A) states that "[n]o person shall knowingly obtain, possess, or use a controlled substance."
 {¶ 14} The facts presented by the state could lead a rational trier of fact to conclude that the state presented evidence establishing all the elements of the offense of drug possession. The police established through eyewitness testimony that the informant received crack cocaine, a controlled substance, from Harris. This testimony sufficiently established that Harris possessed the crack cocaine before he gave it to the informant.
 {¶ 15} As charged in this case, R.C. 2925.03(A)(1) states that "[n]o person shall knowingly * * * [s]ell or offer to sell a controlled substance; * * *."
 {¶ 16} Again, the evidence would likewise permit a rational trier of fact to conclude that Harris sold the crack cocaine. The testimony showed that the informant gave cash to Harris in exchange for crack cocaine. This fully constitutes a sale for purposes of the statute. While the state's failure to produce photocopies of the marked bills might affect the credibility of its case, questions of credibility have no bearing on issues relating to the sufficiency of the evidence as credibility and sufficiency are completely separate principles of appellate review. See State v. Thompkins, 78 Ohio St.3d 380, 390,1997-Ohio-52.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, P.J., and MARY EILEEN KILBANE, J., CONCUR.