OPINION *Page 2 
{¶ 1} Appellant, Wayne Hanning, appeals his criminal resentencing in the Licking County Court of Common Pleas. The appellee is the State of Ohio. The relevant facts leading to this appeal are as follows:
 {¶ 2} On February 17, 2005, appellant was indicted on ten counts of sexual battery under R.C. 2907.03(A)(5) and three counts of gross sexual imposition under R.C. 2907.05(A)(4). All 13 counts were felonies of the third degree. Each count involved sexual contact with the same victim, appellant's step-daughter, when she was between the ages of 10 and 13.
 {¶ 3} On May 4, 2005, appellant appeared before the trial court, with counsel, and pled no contest to the aforesaid 13 counts. The record indicates that appellant executed a change of plea form in which he acknowledged that his plea was entered into voluntarily. The trial court accepted his pleas and found him guilty on all charges. The court sentenced appellant on the same date to one year on each count. The sentences were ordered to be served consecutively for a total of 13 years.
 {¶ 4} In February 2006, this Court affirmed the judgment of the trial court in State v. Hanning, 5th Dist. No. 05CA52,2006-Ohio-460. Appellant then appealed to the Ohio Supreme Court. The Ohio Supreme Court remanded the case to the trial court for resentencing consistent with State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 .E.2d 470.
 {¶ 5} On September 2006, the trial court resentenced appellant to the original sentence. *Page 3 
 {¶ 6} It is from this resentencing that appellant appeals and raises the following assignment of error:
 {¶ 7} "I. THE SENTENCING OF THE DEFENDANT-APPELLANT WAS UNCONSTITUTIONAL."
 {¶ 8} In his sole assignment of error, appellant argues that the trial court abused its discretion by engaging in "fact finding" at the resentencing. We disagree.
 {¶ 9} In State v. Foster, the Ohio Supreme Court held that, under the United States Supreme Court's decisions in Apprendi v. New Jersey
(2000), 530 U.S. 466, 120 S.Ct. 2348, and Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, portions of Ohio's sentencing scheme were unconstitutional because they required judicial fact finding before a defendant could be sentenced to serve maximum sentence, and/or consecutive sentences. As a remedy, the Ohio Supreme Court severed the offending sections from Ohio's sentencing code. Accordingly, judicial fact finding is no longer required before a court imposes non-minimum, maximum or consecutive prison terms. Thus, pursuant to Foster, trial courts have full discretion to impose a prison sentence within the statutory ranges. The Foster decision does, however, require trial courts to "consider" the general guidance factors contained in R.C. 2929.11 and R.C. 2929.12. State v. Duff, Licking App. No. 06-CA-81,2007-Ohio-1294, See also, State v. Diaz, Lorain App. No. 05CA008795,2006-Ohio-3282
 {¶ 10} Additionally, this Court has held that in post-Foster cases, the appellate review of the imposition of sentence shall be pursuant to an abuse of discretion standard. State v. Firouzmandi, Licking App. No. 06-CA-41, 2006-Oho-5823; State v. Duff, supra. An abuse of discretion implies that the trial court's attitude in the imposition *Page 4 
of Appellant's sentence was "unreasonable, arbitrary, or unconscionable." State v. Adams (1980), 62 Ohio St.2d, 151, 157,404 N.E.2d 144. When applying an abuse of discretion standard, an appellate court may not generally substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,614 N.E.2d 748.
 {¶ 11} In this case, appellant pled no contest to three counts of gross sexual imposition, a third degree felony, and ten counts of sexual battery, a felony of the third degree. The sentencing ranges for a third degree felony are one, two, three, four or five years.
 {¶ 12} The trial court's imposition of the minimum one year sentence on each count was within the statutory sentencing ranges. The trial court considered the factors of R.C. 2929.12 and found prison was consistent with R.C. 2929.11. Appellant takes exception with the trial court's use of the words "finds" and "found" in also imposing consecutive sentences. Appellant's counsel argues the use of terminology from the statutory provisions severed by Foster, supra, court makes the resentencing unconstitutional. We have previously rejected this argument in State v. Goggans, Delaware App. No. 2006CA-07-0051, 2007-Ohio-1433
and State v. Ruby, Coshocton County App. No. 06 CA 5, 2006-Ohio-6722.
 {¶ 13} Upon review of the record, we cannot conclude that the trial court's imposition of consecutive sentences in this matter was unreasonable, arbitrary or unconscionable. *Page 5 
 {¶ 14} Accordingly, appellant's sole assignment of error is overruled.
 {¶ 15} The judgment of the Licking County Court of Common Pleas is affirmed.
 By: Delaney, J. Gwin, P.J. and Wise, J. concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1