[Cite as *State v. McPherson*, 2011-Ohio-3098.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

     Plaintiff-Appellee

-vs-

SHAWN L. MCPHERSON

     Defendant-Appellant

JUDGES:
Hon. John W. Wise, P. J.
Hon. Julie A. Edwards, J.
Hon. Patricia A. Delaney, J.

Case No. 10 CAA 11 0084

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from the Court of Common Pleas, Case No. 10 CR I 06 0332 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | June 23, 2011 |

APPEARANCES:

For Plaintiff-Appellee

BRENDAN M. INSCHO
ASSISTANT PROSECUTOR
140 North Sandusky Street
Sandusky, Ohio  43015

For Defendant-Appellant

SCOTT CULBERT
Post Office Box 265
Delaware, Ohio  43015

*Wise, J.*

{¶1}    Appellant Shawn L. McPherson appeals from his felony sentencing for theft in the Delaware County Court of Common Pleas. The relevant facts leading to this appeal are as follows.

{¶2}    On August 31, 2010, appellant pled guilty to four counts of theft, R.C. 2913.02(A)(1), in the Delaware County Court of Common Pleas. Two counts were felonies of the fifth degree, while the other two were first-degree misdemeanors. The incidents leading to these charges were connected to several store thefts of college textbooks which appellant later purportedly sold for cash.

{¶3}    On October 22, 2010, following the preparation of a presentence investigation, appellant was sentenced, inter alia, to twelve months in prison for each fifth-degree felony, to be served consecutively, and six months on each misdemeanor, to be served concurrently, for a total prison term of twenty-four months.

{¶4}    On November 8, 2010, appellant filed a notice of appeal. He herein raises the following two Assignments of Error:

{¶5}    "I. THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO THE MAXIMUM TERM OF TWELVE MONTHS FOR FELONY THEFT.

{¶6}    "II. THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO CONSECUTIVE SENTENCES."

I., II.

{¶7}     In his First and Second Assignments of Error, appellant contends the trial court erred in sentencing him to maximum and consecutive prison terms.[1]

{¶8}     As an initial matter, we note the State has responded in part that appellant waived his right to appeal by entering into a plea agreement with the prosecutor.

{¶9}     "It is well-established that a sentence that is agreed upon as part of a negotiated plea, and that does not exceed the statutory maximum sentence applicable to the crime, is not subject to appellate review pursuant to R.C. § 2953.08(D)." *State v. Yeager*, Carroll App.No. 03CA786, 2004-Ohio-3640, ¶ 21 (additional citations omitted). However, in the case sub judice, the record indicates that the plea agreement did not include a recommended sentence; instead, the parties agreed that the case would be referred for a presentence investigation. At the sentencing hearing, the State asked "for the full three years ***." Tr. at 5. Defense counsel did not explicitly acquiesce to such a term. See Tr. at 8. In these circumstances, we find appellant has not waived his right to challenge his sentence upon direct appeal.

{¶10}  Proceeding to the merits, we note the Ohio Supreme Court's *Foster* decision [109 Ohio St.3d 1, 2006-Ohio-856] holds that judicial fact finding is not required before a court imposes non-minimum, maximum or consecutive prison terms. See, e.g., *State v. Williams*, Muskingum App. No. CT2009-0006, 2009-Ohio-5296, ¶ 19, citing *State v. Hanning*, Licking App.No. 2007CA00004, 2007-Ohio-5547, ¶ 9. Subsequent to *Foster*, in a plurality opinion, the Ohio Supreme Court established a two-step procedure for reviewing a felony sentence. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912,

---

[1]  Appellant did not attach a copy of the judgment entry under appeal to his brief. See Loc.App.R. 9(B).

896 N.E.2d 124. The first step is to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Kalish* at ¶ 4. If this first step is satisfied, the second step requires the trial court's decision be reviewed under an abuse-of-discretion standard. Id.

{¶11} Furthermore, in *State v. Hodge,* 128 Ohio St.3d 1, 941 N.E.2d 768, 2010–Ohio–6320, the Ohio Supreme Court recently held, at paragraph two of the syllabus, that the United States Supreme Court's decision in *Oregon v. Ice*[2] did not revive Ohio's former consecutive-sentencing statutory provisions, R.C. 2929.14(E)(4) and 2929.41(A), which were held unconstitutional in *Foster.*

{¶12} In the case sub judice, the trial court stated in its entry that it had considered the factual background, the oral statements of the parties, and the presentence investigation. See Sentencing Entry, October 27, 2010, at 2.

{¶13} The court further considered the negotiations conducted in the case, factors laid out in the pre-sentencing report, arguments of counsel, a letter written to the court by appellant's "significant other", and a statement by appellant. The court also specifically referenced the purposes of sentencing set forth in 2929.11 and the seriousness and recidivism factors found in 2929.22 and 2929.12. Furthermore, the court took into account appellant's prior criminal convictions and failure to respond to the previous criminal sanctions imposed on those convictions. For example, appellant had attempted a textbook theft just three days following his last release from prison. On the day of the attempt, appellant was arrested on a traffic warrant and then released

---

[2] 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517.

over the weekend. That next Monday, appellant was arrested again for a theft from a university book store in Richmond, Indiana. See Tr. at 6-7.

**{¶14}** Based on our review of the record, and pursuant to *Foster* and *Kalish,* we do not find the trial court acted clearly and convincingly contrary to law or abused its discretion in rendering maximum and consecutive sentences under the facts and circumstances of this case.

**{¶15}** Appellant's First and Second Assignments of Error are therefore overruled.

**{¶16}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Delaware County, Ohio, is hereby affirmed.

By: Wise, P. J.

Edwards, J., and

Delaney, J., concur.

_____

_____

_____

JUDGES

JWW/d 0602

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                                    :
                                                 :
    Plaintiff-Appellee                       :
                                                 :
-vs-                                             :                    JUDGMENT ENTRY
                                                 :
SHAWN L. MCPHERSON                               :
                                                 :
    Defendant-Appellant                      :                    Case No. 10 CAA 11 0084


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed.

Costs assessed to appellant.


                                                   _____

                                                   _____

                                                   _____

                                                  JUDGES